UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RYAN FRANK DENNIS ARNOLD,

Plaintiff,

v.

MARTINEZ DETENTION FACILITY,

Defendant.

Case No. 24-cv-09254-WHO (PR)

**ORDER OF DISMISSAL**

## INTRODUCTION

Plaintiff Ryan Frank Dennis Arnold alleges that his Eighth Amendment rights were violated when he had to sleep on his mattress on the floor of his cell despite having a lower-bunk chrono. His 42 U.S.C. § 1983 complaint containing these allegations is now before me for review pursuant to 28 U.S.C. § 1915A(a).

Arnold's allegations fail to state any claim for relief. A temporary or short deprivation such as the one described here does not constitute an Eighth Amendment violation. Accordingly, this federal civil rights action is DISMISSED for failure to state a claim for relief.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Arnold alleges that for two days in December 2024 at the Martinez Detention Facility, he slept on a mattress on the floor of his cell because an unnamed deputy sheriff would not order another inmate to vacate his lower bunk to honor Arnold's lower-bunk chrono. (Compl., Dkt. No. 2-3.) He alleges that after he filed a grievance, another employee, Sergeant Cubit, ordered the other inmate to relinquish his lower-bunk to Arnold. (*Id.* at 3.) Arnold alleges that his having to sleep on the mattress on the floor for two days caused him pain and discomfort and violated his Eighth Amendment rights. (*Id.* at 3.)

These allegations fail to state a claim for relief. It is well settled that temporary or short deprivations such as the one described here are not sufficient to state an Eighth Amendment claim. *See Hernandez v. Denton*, 861 F.2d 1421, 1424 (9th Cir. 1988) (allegation that inmate slept without mattress for one night is insufficient to state Eighth

2

Amendment violation and no amendment can alter that deficiency), judgment vacated on other grounds, 493 U.S. 801 (1989). *See also Anderson v. County of Kern*, 45 F.3d 1310, 1314-15 (9th Cir. 1995) (temporary placement in safety cell that was dirty and smelled bad did not constitute infliction of pain); *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1985) (no claim stated where prisoner forced to spend two days in hot dirty cell with no water); *Miles v. Konvalenka*, 791 F. Supp. 212 (N.D. Ill. 1992) (single instance of finding mouse in food not actionable); *Vaga v. Parsley*, 700 F. Supp. 879 (W.D. Tex. 1988) (burned out light bulb, promptly replaced, does not violate Eighth Amendment); *Evans v. Fogg*, 466 F. Supp. 949 (S.D.N.Y. 1979) (no claim stated by prisoner confined for 24 hours in refuse strewn cell and for two days in flooded cell).

## CONCLUSION

The complaint is DISMISSED for failure to state a claim for relief. The Clerk shall enter judgment in favor of defendant and close the file.

**IT IS SO ORDERED.**

**Dated:** April 23, 2025



WILLIAM H. ORRICK
United States District Judge

3